[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 8, 2007
THOMAS K. KAHN
CLERK

No. 06-12574

D. C. Docket No. 04-00591 CR-01-WBH-1

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

                versus

DENANDIAS WATSON,
a.k.a. Deon Watkins,

                                        Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Georgia

**(May 8, 2007)**

Before DUBINA and COX, Circuit Judges, and SCHLESINGER,* District Judge.

PER CURIAM:

_____
*Honorable Harvey E. Schlesinger, United States District Judge for the Middle District of
Florida, sitting by designation.

Appellant Denandias Watson was charged by a federal grand jury with: (1) conspiracy to commit robbery; (2) robbery; (3) conspiracy to possess a firearm in furtherance of a robbery; (4) possession of a firearm in furtherance of a crime of violence; and (5) possession of a firearm after a prior conviction for a felony offense, in violation of 18 U.S.C. §§ 1951(a), 924(n), 924(c)(1)(A)(I), 924(c)(1)(A)(ii), and 922(g). After a four-day jury trial, Watson was found guilty on all counts.

After holding a sentencing hearing, the district court sentenced Watson to Life Imprisonment with respect to Counts 1–4, and 120 months with respect to Count 5, to run consecutive to counts 1–4. Watson then perfected this appeal.

Watson presents the following issues for appellate review:

1. Whether the district court committed plain error by limiting Watson's cross examination of witnesses with respect to the issue of identification of the gun and clothing linking Watson to the robbery.

2. Whether the district court erred in preventing Watson from presenting his sole defense of misidentification through cross examination.

3. Whether the district court abused its discretion in allowing the government to introduce evidence that Watson refused to give a hair sample.

4. Whether the district court abused its discretion by allowing the

government to introduce evidence that the investigating officer saw one of the getaway vehicles at Watson's brother's home prior to the robbery.

5. Whether the district court erred by denying Watson's Motion for a Judgment of Acquittal under Fed. R. Crim. P. 29 with respect to counts one, two, and five, after finding that the government had demonstrated a sufficient connection to interstate commerce as to both the restaurant and the gun used in the robbery.

6. Whether the district court erred in not providing Watson an evidentiary hearing pursuant to 21 U.S.C. § 851(c) at sentencing.

7. Whether the district court committed clear error by failing to conduct an evidentiary hearing to determine Watson's competency at the time of sentencing.

After reviewing the record, reading the parties' briefs, and having the benefit of oral argument, we conclude that there is no merit to any of the arguments Watson makes on appeal. Accordingly, we affirm his convictions and sentences.

**AFFIRMED.**